UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT H. SMITH, | No. 2:14-cv-01324-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| NEVADA COUNTY TREASURER AND TAX COLLECTOR, and RYAN MILLER, | |
| Defendants. | |

On March 4, 2015, this court granted plaintiff's counsel's motion to withdraw and granted plaintiff thirty (30) days in which to hire new counsel or indicate his intent to proceed pro se. (ECF No. 19.) Plaintiff did not respond within the thirty days. In a minute order dated April 10, 2015 (ECF No. 20) and served on plaintiff by mail, plaintiff was given additional time in which to inform the court of his intent to proceed pro se. The April 2015 order cautioned that failure to submit a status report by April 23, 2015, could result in sanctions. Plaintiff has not responded to the court's order.

The Local Rules of this district provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. A court must weigh five factors in determining whether to dismiss a

case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules.  *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992).  Specifically, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *Id*. at 1260–61; *accord Pagtalunan v. Galaza*, 291 F.3d 639, 642–43 (9th Cir. 2002); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

On balance, the factors support dismissal. The court attempted less drastic measures by requesting plaintiff inform the court of an intent to continue the action, either pro se or with new representation.  In its second order, the court provided notice that a failure to respond could lead to sanctions.  Plaintiff twice has not responded to court orders.  The lack of response indicates that any other potential action, such as the imposition of monetary sanctions or an additional request for response, would be futile.  The remaining defendant, Ryan Miller, has not yet appeared.  In light of the absence of any suggestion plaintiff intends to continue pursuing his action, the court finds dismissal is appropriate.

Accordingly, IT IS HEREBY ORDERED that this action is dismissed without prejudice.  *See* Local Rule 110; Fed. R. Civ. P. 41(b).  The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

DATED: May 20, 2015.

_____
UNITED STATES DISTRICT JUDGE

2