1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KENT H. SMITH,                                    No.  2:14-cv-01324-KJM-KJN

12                    Plaintiffs,

13          v.                                         ORDER

14   NEVADA COUNTY TREASURER AND
     TAX COLLECTOR, and RYAN MILLER,
15
                     Defendants.
16

17

18          On March 4, 2015, this court granted plaintiff's counsel's motion to withdraw and

19   granted plaintiff thirty days in which to hire new counsel or indicate his intent to proceed pro se.

20   ECF No. 19.  Plaintiff did not respond within the thirty days.  In a minute order dated April 10,

21   2015, and served on plaintiff by mail, plaintiff was given additional time in which to inform the

22   court of his intent to proceed pro se.  ECF No. 20.  The April 2015 order cautioned that failure to

23   submit a status report by April 23, 2015 could result in sanctions.  Plaintiff did not respond to the

24   court's order.  On May 21, 2015, after considering the factors listed in *Ferdik v. Bonzelet*,

25   963 F.2d 1258, 1260 (9th Cir. 1992), the court issued an order dismissing this action without

26   prejudice.  ECF No. 22.  Judgment was entered the same date.  ECF No. 23.

27          About four months after the action was dismissed, plaintiff moved pro se for

28   reconsideration and to reinstate the action.  ECF No. 24.  No opposition was filed.  He explains

                                                     1

1   his former attorney did not inform him the case could be dismissed if he did not comply with the

2   court's orders.  *Id.* at 1.  He also explains the parties had signed a settlement agreement, and only

3   "the collection of damages" remained to be resolved.  *Id.* at 2.  He does not address why he did

4   not respond to the court's April 10, 2015 order, and he does not address why he did not inform

5   the court of the parties' settlement agreement.  *See generally id.*

6         Federal Rule of Civil Procedure 60(b) grants a court authority to relieve a party

7   from a final judgment.  That relief may be granted for a number of reasons specified in the rule:

8         (1) mistake, inadvertence, surprise, or excusable neglect;

9         (2) newly discovered evidence that, with reasonable diligence,
        could not have been discovered in time to move for a new trial
10        under Rule 59(b);

11        (3) fraud (whether previously called intrinsic or extrinsic),
        misrepresentation, or misconduct by an opposing party;
12
        (4) the judgment is void;
13
        (5) the judgment has been satisfied, released or discharged; it is
14        based on an earlier judgment that has been reversed or vacated; or
        applying it prospectively is no longer equitable; or
15
        (6) any other reason that justifies relief.
16

17   Fed. R. Civ. P. 60(b).  Plaintiff argues inadvertence and excusable neglect warrant reinstatement

18   of this action.  Mot. Recons. at 3.

19         "Excusable neglect 'encompass[es] situations in which the failure to comply with a

20   filing deadline is attributable to negligence.'"  *Lemoge v. United States*, 587 F.3d 1188, 1192

21   (9th Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388

22   (1993)) (alteration in original).  Excusable neglect also includes "omissions caused by

23   carelessness."  *Id.* (quoting *Pioneer*, 507 U.S. at 388).  The court's decision is an equitable one,

24   and takes into account "all relevant circumstances."  *Id.*  Four factors inform the court's decision:

25   "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential

26   impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good

27   faith."  *Id.* (citation and quotation marks omitted).

28   /////

1      Considering these factors here, plaintiff has not explained a reason for his delay,

2    whether between April and May 2015 or between May and September 2015.  The court lacks

3    evidence of his good faith.  He has not explained why a joint pretrial statement was not filed.  The

4    court relies on joint pretrial statements to create a pretrial scheduling order, which is necessary to

5    discourage "wasteful pretrial activities," improve the quality of trials, and facilitate settlements.

6    *See In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir.

7    2006).  On balance, the *Lemoge* factors weigh against reinstatement of this action.

8           In light of these circumstances, the motion is DENIED.  This order resolves ECF

9    No. 24.

10          IT IS SO ORDERED.

11    DATED:  January 11, 2016.

12

13

14                              UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28